UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEIRA CARMONA PEREZ,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. C26-1368-BAT

**ORDER GRANTING HABEAS PETITION AND ORDERING RELEASE**

Petitioner Sheira Carmona Perez seeks 28 U.S.C § 2241 habeas relief. In her original petition, she contended that her warrantless arrest by U.S. Immigration and Customs Enforcement ("ICE") officers violated the Immigration Nationality Act ("INA"), the Administrative Procedures Act ("APA"), and the Fourth Amendment. Dkt. 1. In her traverse and in a statement of additional grounds, Petitioner contends that the Immigration Judge ("IJ") abused his discretion and violated the Due Process Clause by failing to apply the correct legal standard for denying bond on the basis of danger or flight risk. Dkt. 14. The Court **GRANTS** the habeas petition and **ORDERS** Petitioner's release within twenty-four (24) hours of this Order.

## BACKGROUND

Petitioner is a 39 year-old citizen of Mexico, currently detained in the Northwest ICE Processing Center ("NWIPC"), who entered the United States at the age of 14 years in or about

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 1

2001. Dkt. 1-22, at 2. In 2014, Petitioner applied for and received Deferred Action for Childhood Arrivals ("DACA") status, which she renewed until September 2023. Dkt. 1, at 2.

On September 8, 2025, law enforcement executed a narcotics search warrant at the residence where Petitioner was spending the night. Dkt. 1-22 ("Petitioner's Decl."), at 2; Dkt. 8 ("Correa Decl."), at 3. Although illegal drugs were found in the residence, Petitioner was not criminally charged for any drug-related crimes. Petitioner's Decl. 2. She was, however, handcuffed, escorted outside, and made to wait while law enforcement ran her identification card through the system. *Id.* Around two hours later, an ICE officer arrived who informed Petitioner that she was under arrest for not being legally within the country. *Id.* Petitioner was transported to the Portland Office of Enforcement and Removal Operations ("ERO"); on the same day she was subsequently transported to NWIPC, where she remains detained. Petitioner's Decl. 2; Correa Decl. 3. At the residence, ICE officers arrested Petitioner without an administrative warrant because they determined that Petitioner "was likely to escape before a warrant could be issued." Dkt. 9-1, at 3 (report on I-213 Form). Nonetheless, an arrest warrant was eventually served upon Petitioner while she was still in Portland. Dkt. 9-2, at 2 (Warrant for Arrest of Alien).

On September 19, 2025, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") that initiated removal proceedings for being a noncitizen present in the country without being admitted or paroled. Dkt. 9-3. On November 20, 2025, an Immigration Judge ("IJ") denied Petitioner's applications for asylum and cancellation of removal for nonpermanent residents and ordered Petitioner removed to Mexico. Dkt. 1-4. Petitioner's removal proceedings are currently on appeal before the Board of Immigration Appeals ("BIA"). Petitioner also has other pending applications: an I-130 Petition for Relative filed by her oldest

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 2

U.S. citizen son from March 2026; and an I-918 Petition for U Nonimmigrant Status from February 2026. Dkt. 1-6; Dkt. 1-7.

On April 1, 2026, an IJ held a custody redetermination hearing for Petitioner. Dkt. 9-4. After a hearing of which there is no contemporaneous recording or transcript, the IJ issued a "no bond" order on a checkbox form. *Id.* The IJ denied bond based on lack of jurisdiction due to Petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* In the alternative, the IJ found that Petitioner had failed to establish that she was not a danger or a flight risk. *Id.* Nearly a month later, on April 27, 2026, the IJ issued a bond order memorandum that explained the basis for the order. Dkt. 9-5. The IJ reiterated that Petitioner was subject to mandatory detention under Section 1225(b)(A), disbelieving Petitioner's testimony that, contrary to earlier documentation, she had been inspected upon entry into the United States because she had as a minor used false identification at the border. *Id.* The IJ provided no reasoning for denying bond based on flight risk or danger. *Id.* Petitioner has appealed this bond determination, which remains pending before the BIA. Correa Decl. 3.

## DISCUSSION

The Court directed Petitioner either to amend the petition or to file a statement of additional grounds because whether the IJ had violated the INA and the Due Process Clause during the bond redetermination was an issue first raised in the traverse. Dkt. 14. Having considered the parties' briefing, the Court finds that the IJ abused his discretion and violated the Due Process Clause by failing to apply the proper legal standards regarding the bond determination of flight risk or danger to the community. Because the Court grants the habeas petition and orders Petitioner's release, it declines to reach Plaintiff's alternative grounds for relief.

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 3

## I.        Violation of the INA and the Due Process Clause

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. See *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; see also *Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to

deportation proceedings but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

### A.      Petitioner Is Detained Under 8 U.S.C. § 1226(a)

Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2) because she acknowledged being a noncitizen present in the United States without having been admitted. Dkt. 7, at 4. Petitioner contends that she is detained under 8 U.S.C. § 1226(a) because she was technically inspected and admitted upon entry, and her attestations to the contrary were the result of misunderstanding the law. Dkt. 10, at 3–4. Regardless, Petitioner's detention is governed by 8 U.S.C. § 1226(a). This district has rejected Respondents' argument that Section 1225(b) applies to those situated like Petitioner and, according to Respondents' position, Petitioner would qualify as a member of the Bond Denial Class in *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025); *see* Dkt. 7, at 5 ("Federal Respondents acknowledge the Petitioner may be a member of the [*Rodriguez Vasquez*] Bond Denial Class."). The Court finds that the statute governing her detention is Section 1226(a).

### B.      Prudential Exhaustion Is Not Required

Respondents argue the Court should, as a prudential matter, require Petitioner to exhaust her administrative remedies, and should dismiss the petition for her failure to do so. Dkt. 15 at 6–9. In the context of habeas review under 28 U.S.C. § 2241, exhaustion of administrative remedies is prudential rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogation on other grounds recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 5

(3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Exceptions to the exhaustion requirement include "situations . . . where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). Similarly, the exhaustion requirement is waived where the petitioner is "challenging issues other than the BIA's ruling on removability." *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004) (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003)).

Here, with respect to the first factor, respondents argue the BIA has specialized expertise in immigration bond determinations. Dkt. 15 at 7. But the actual issue in this case is whether the bond hearing was legally and constitutionally defective. Although the BIA may have general subject-matter expertise in immigration custody and bond matters, it has no special expertise in resolving the constitutional and legal questions presented here. *See W.T.M. v. Bondi*, Case No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 20, 2026); s*ee also Garcia v. Hyde*, Case No. 25-CV-585-JJM-PAS, 2025 WL 3466312, *7 (D.R.I. Dec. 3, 2025) (the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile"). The first factor weighs against requiring prudential exhaustion.

With respect to the second factor, respondents argue that excusing exhaustion in this context is inappropriate because the case does not involve a discrete legal issue that would provide legal guidance for future administrative proceedings and would undermine the administrative scheme and incentivize deliberate bypass of the BIA to seek de novo review in

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 6

district court. Dkt. 5 at 7-8. Although relaxation of prudential exhaustion may, to some extent, encourage others to bypass the administrative appellate procedures, this case presents a legal question about whether the bond hearing met statutory and constitutional requirements, not a request for de novo review of the IJ's discretionary bond determination. *See Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025). Thus, contrary to Respondents' suggestion, a decision would likely "be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026). This factor weighs neutral.

With respect to the third factor, Respondents argue that administrative review is likely to correct errors and obviate the need for judicial intervention. Dkt. 15 at 7. However, the Court finds no reason to delay review in a case where the claim is that statutory and constitutional errors have resulted in continued detention. Moreover, given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if she is required to wait for a BIA decision before being permitted to file a habeas claim. *See Scott v. Wamsley*, Case No. 2:25-cv-1819-TMC, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.") (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)). And finally, Petitioner "ultimately raises a constitutional challenge in [her] habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, Case No. 25-CV-585-JJM-PAS, 2025 WL 3466312, at *7 (D.R.I. Dec.

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 7

3, 2025) (citing *Matter of Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer.")); *see also Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. Jan. 16, 2019) (waiving exhaustion requirement because "the BIA does not have jurisdiction to adjudicate constitutional issues")). The third factor weighs against requiring prudential exhaustion.

Accordingly, the Court finds it appropriate to waive any requirement that Petitioner exhaust her administrative remedies before seeking habeas relief.

### C.      The IJ Abused His Discretion by Denying Bond

Petitioner argues the IJ's bond determination was legally defective because it failed to comply with the INA and the Due Process Clause. Dkt. 14. This Court's habeas review of the IJ's determination as to dangerousness and flight risk is for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 784-85 (9th Cir. 2024). Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)).

Petitioner argues the IJ violated her right to due process by failing to conduct an individualized custody determination. When determining whether a noncitizen is a danger to the community or risk of flight, the IJ weighs nine factors pursuant to BIA precedent. *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783)). These nine factors that an IJ may consider include any or all of the following:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 8

employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). These factors "grant an IJ broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id*. at 783–84.

Here, the record is devoid of any indication whatsoever that the ALJ considered these factors despite Petitioner's extensive presentation of evidence. For example, Petitioner's evidentiary packet established that she has been living in the United States for over two decades. Dkt. 14-1, at 5. Petitioner has four children, all of whom are U.S. citizens, and one is 16 years old. *Id.* at 14–17. Six other family members friends, and neighbors submitted letters of support as additional evidence of her ties to her community. *Id.* at 28–46. Petitioner's evidentiary packet also included proof of her pending I-130 Petition for Relative and pending I-918 Petition for U Nonimmigrant Status. *Id.* at 9–10. None of this evidence was acknowledged by the IJ. Dkt. 9-5. Moreover, the IJ neither referred to Petitioner's past criminal history, nor to her explanations regarding the circumstances surrounding her arrest for driving under the influence. Dkt. 9-5; *see* Dkt. 14-1, at 5. The ALJ failed to provide any rationale for Petitioner's continued detention.

Additionally, the bond order reflects the IJ checked the box that indicated that ability to pay was considered but did not indicate consideration of alternative conditions that might mitigate flight risk. Dkt. 9-4. An IJ must consider a noncitizen's financial circumstances and whether alternative conditions could mitigate flight risk. *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Failure to do so would create a system of immigration bond determinations that does not adequately provide a reasonable connection between detention and legitimate

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 9

government interests. *Id.* Here, the IJ denied bond without considering alternative conditions of release. The IJ thus failed to provide any connection between the decision to deny bond and the government's interest in detaining Petitioner. The IJ's failure to consider alternative conditions of release leaves Petitioner's detention unconnected to any legitimate government interest.

In sum, the IJ failed to provide any rationale for his findings of flight risk and dangerousness and failed to engage whatsoever with the factors weighing for or against such findings. By failing to accord Petitioner the process due to her, the IJ abused his discretion and violated Petitioner's Fifth Amendment rights. *See, e.g. Segura Serrano v. Scott*, Case No. 2:26-cv-01268-LK, 2026 WL 1674357 (W.D. Wash. June 1, 2026); *Moreno Porra v. Hernandez*, Case No. 2:26-cv-1164-BAT (W.D. Wash. May 21, 2026).

**D.     Remedy**

Because Petitioner's bond hearing was legally and constitutionally inadequate, and the Court finds no adequate basis for her continued detention, the Court concludes that the "typical remedy" of release is appropriate. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (finding that "[h]abeas is at its core a remedy for unlawful executive detention" and the "typical remedy for such detention is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *Soriano*, 2026 WL 969764, at *6 (ordering petitioner's immediate release after finding no basis for continued detention); *Miri v. Bondi*, Case No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302 (C.D. Cal. Mar. 5, 2026), at *12 (ordering habeas petitioner's immediate release after finding IJ abused discretion in denying petitioner's request for bond)..

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 10

## II.     Other Claims

Petitioner raised other claims in her petition and her statement of additional grounds: her warrantless immigration arrest violated the INA, the APA, and the Fourth Amendment; the IJ failed to apply the correct legal standard for determining the credibility of Petitioner's testimony in violation of the Due Process Clause; and she is a member of the provisional class for *Immigration Center for Women and Children et al. v. Noem et al.,* No. 2:25-cv-09848-AB-AS (C.D. Cal. May 20, 2026). Dkt. 1, at 8–14; Dkt. 14, at 6–7, 11–12. Because the Court is granting the habeas petition and ordering Petitioner's release, it declines to address these alternative grounds for release.

### CONCLUSION

For the forgoing reasons, the Court **ORDERS**:

1.     Petitioner's petition for writ of habeas corpus (Dkts. 1, 14) is **GRANTED**.

2.     Respondents shall **RELEASE** Petitioner with reasonable conditions within 24 hours of the date and time this Order is filed.

3.     Respondents shall file a **CERTIFICATION** that Petitioner has been released no later than 48 hours from the date and time this Order is filed.

4.     Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute.

5.     The Clerk shall provide a copy of this order to all counsel.

DATED this 15th day of June, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING HABEAS PETITION
AND ORDERING RELEASE - 11